

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 25, 1972

Chairman Byron Tunnell
Railroad Commission of Texas
P.O. Box 12967, Capitol Station
Austin, Texas 78711

Opinion No. M- 1248

Re: Under Article 911b, V.C.S.,
is a common carrier required
to register, under its authority,
vehicles used solely for pickup
and delivery within a zone
designated by the Railroad Com-
mission as a "commercial zone"
where such vehicles connect
with and form an integral part
of the carrier's total regulated
movements into and out of the
"commercial zone"?

Dear Mr. Tunnell:

In relation to your question, you provide us with the following facts:
A Railroad Commission certificated regular route, regular schedule motor
common carrier, is authorized to conduct regulated for-hire transportation
originating at or terminating at a point within a commercial zone designated
by the Railroad Commission under the authority conferred upon it by
Article 911b, Section 1 (g), Vernon's Civil Statutes. The carrier possesses,
in addition to its over-the-road, or line-haul, vehicles, certain other pick-
up and delivery equipment which is employed entirely within the commercial
zone. The two types of equipment are used together in this manner: The
carrier's over-the-road vehicles load and discharge freight at the carrier's
terminal within the commercial zone, while the carrier's lighter vehicles
pick up and deliver the freight from shippers or to consignees within the zone.

You ask us whether the pick-up and delivery equipment which moves
freight in conjunction with regulated transportation by the same carrier is
operated under the certificate under which the carrier operates and is thus
subject to the reporting requirement and annual payment specified by Motor
Transportation Regulations of the Railroad Commission of Texas, Section
9.1 (Apr. 29, 1970), issued pursuant to Article 911b, or whether its employ-
ment falls within the statutory criterion of operation within a commercial

-6108-

zone and is thus not operated under the certificate under which the carrier operates and need not be reported upon.   It is our opinion that such  equipment is not operated under the carrier's certificate and need not be reported upon.

The Motor Transportation Regulations, supra, Section 9.1 (a), requires that "each motor carrier . . . shall file with the [Railroad] Commission, separately for each certificate or permit under which it operates. . . an equipment report. . . accompanied by a cashier's check or certified check or money order payable to the State Treasurer covering the payments pre-scribed in subsections (b) and (c) of this Section."  Subsection (b) sets out the schedule for such annual payments by motor carriers.  The term "motor carrier" is defined to include:

> ". . . any person, firm, corporation, company, copartner-
> ship, association or joint stock association, and their les-
> sees, receivers, or trustees appointed by any court what-
> soever owning, controlling, managing, operating, or causing
> to be operated any motor-propelled vehicle used in trans-
> porting property for compensation or hire over any public
> highway in this state, where in the course of such transpor-
> tation a highway between two or more incorporated cities,
> towns or villages is traversed."  Art. 911b, Section 1 (g).
> [Emphasis added.]

However, Article 911b, Section 1 (g), also authorizes the Railroad Commission to:

> "define and prescribe, . . . commercial zones adjacent
> to and commercially a part of any specified incorporated
> municipality and within which operations as a motor
> carrier may be performed without a certificate or permit
> authorizing same and within which strictly local service
> wholly within such commercial zone may be performed at
> rates and charges other than those prescribed by the
> [Railroad] Commission."

It is our opinion that the Legislature intended to grant the widest pos-sible freedom from regulation to those carriers who perform "strictly local service wholly within [a] commercial zone," (Art. 911b, Sec. 1 (g)), and that Section 1 (g) looks to the geographic employment of the equipment.

Therefore, equipment which is employed both within and without the commercial zone is operated under the carrier's certificate and must be reported upon, while equipment employed entirely within the zone meets the statutory criterion, is not operated under the carrier's certificate and thus need not be reported upon. In the present situation, the carrier need not either report upon or make annual payments for his pick-up and delivery equipment as long as it is employed entirely within the commercial zone designated by the Railroad Commission, even though this equipment is employed in conjunction with the delivery of shipments which originated in the commercial zone but were destined to a point beyond the commercial zone as well as shipments moving in the opposite direction.

## SUMMARY

Motor carrier equipment operated entirely within the boundaries of a commercial zone established by the Railroad Commission is not operated under a certified carrier's certificate and need not be reported upon although it is employed in conjunction with regulated transportation by equipment owned by the same regular route, regular schedule motor common carrier.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Rex H. White, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E Allen, Co-Chairman

Jack Sparks
James Maxwell
Bill Flanary
R. D. Green

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant